# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 30, 2021

Lyle W. Cayce
Clerk

No. 21-40204
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FREDDIE RUCKER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:16-CR-19-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Freddie Rucker, federal prisoner #20566-479, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion requesting a compassionate release reduction in his sentence based on his health conditions and the COVID-19 pandemic. The district court concluded that

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

early release was not appropriate under the 18 U.S.C. § 3553(a) factors. Rucker argues that the district court abused its discretion and reversibly erred in denying his motion for compassionate release.

We review the district court's decision to deny a prisoner's motion for compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Because Rucker filed the motion for compassionate release, the district court's decision is "bound only by § 3582(c)(1)(A)(i) and . . . the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

First, Rucker argues that the district court allowed the criteria listed in the commentary to U.S.S.G. § 1B1.13 to control its analysis. The district court mentioned the factors listed in the § 1B1.13 policy statement in its analysis, but the court specifically noted that it was aware that the commentary to § 1B1.13 was not dispositive and that it was using the application notes only to inform its analysis. Reliance on § 1B1.13 merely as guidance was not error. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

Second, Rucker contends that the district court premised its conclusion that he failed to show extraordinary and compelling reasons on two clearly erroneous factual assumptions: (1) that he was more likely to contract COVID-19 outside of prison; and (2) that his vaccination negated any risk posed by the virus. We do not reach these questions because even if it is assumed that the district court abused its discretion in making these factual assumptions, a district court may deny relief based solely upon its consideration of the § 3553(a) factors. *See Chambliss*, 948 F.3d at 693-94; *Ward v. United States*, 11 F.4th 354, 358–62 (5th Cir. 2021). In addition to determining that Rucker had not demonstrated extraordinary and compelling reasons warranting a reduction, the district court also concluded,

independently and alternatively, that the § 3553(a) factors did not weigh in Rucker's favor. The district court noted the seriousness of his offense (armed bank robbery), that Rucker had served only 30.6% of his sentence, and his extensive criminal history spanning 25 years, and concluded that granting Rucker release would not afford adequate deterrence to his criminal conduct and would not reflect the seriousness of the offense.

With regard to the district court's analysis of the § 3553(a) factors, Rucker argues that the district court failed to balance the sentencing factors against the extraordinary and compelling circumstances. Rucker's argument is foreclosed by precedent. We have affirmed district courts' decisions to deny a prisoner's compassionate release motion solely on the alternative ground that the § 3553(a) factors weigh against release, even if extraordinary and compelling reasons are assumed. *See Chambliss*, 948 F.3d at 693-94; *Ward*, 11 F.4th at 358-62.

Rucker further contends that the district court's balancing analysis failed to account for a highly relevant factor that deserved significant weight—namely, the utility of reducing his sentence to time served with home confinement as a condition of supervised release. The record reflects that the district court was aware of Rucker's argument on home confinement and considered it. *See United States v. Robinson*, 980 F.3d 454, 465-66 (5th Cir. 2020). Rucker's argument that the district court failed to account for the factor of home confinement as a sentencing option amounts to no more than a disagreement with the district court's balancing of the sentencing factors. We have noted that a "sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case." *Chambliss*, 948 F.3d at 693 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Accordingly, we defer to the district court's consideration of the sentencing factors. *Chambliss*, 948 F.3d at 693. Rucker's disagreement with the district court's balancing of the factors that he believes support his

No. 21-40204

request for a reduction does not establish that the district court abused its discretion. *See Chambliss*, 948 F.3d at 694; *see also Robinson*, 980 F.3d at 465–66.

Accordingly, the judgment of the district court is AFFIRMED.