# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2022

Lyle W. Cayce
Clerk

No. 21-30228
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Mario K. Johnson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CR-17-1

Before Stewart, Haynes, and Ho, *Circuit Judges*.

Per Curiam:*

Mario K. Johnson, federal prisoner # 04790-095, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release, which was based on both health concerns and the consecutive nature of Johnson's federal and state

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

sentences. He also moves to set a response date for the Government's merits brief. Johnson contends that the district court erred by relying on the policy statement in U.S.S.G. § 1B1.13 to delineate what constitutes extraordinary and compelling reasons justifying compassionate release and also erred in analyzing the 18 U.S.C. § 3553(a) factors. *See United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021); § 3582(c)(1)(A).

By moving in this court to proceed IFP, Johnson challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Johnson's good faith "does not require that probable success be shown" but "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Johnson fails to show an arguable abuse of discretion in the denial of compassionate release. *See id.*; *see also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). In reaching this conclusion, we need not resolve whether the district court committed error by treating the policy statement in § 1B1.13 as binding, *see Shkambi*, 993 F.3d at 393, because the district court determined that compassionate release was not warranted based on its consideration of the § 3553(a) factors, *see Ward v. United States*, 11 F.4th 354, 359-62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693-94. Johnson's contentions that the district court erred in conducting its § 3553(a) analysis have no arguable merit. *See Chambliss*, 948 F.3d at 694.

In light of the foregoing, Johnson fails to raise a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, we DISMISS the appeal as frivolous and DENY the motion to proceed IFP on appeal. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. We also DENY the motion to set a response date for the Government's brief.