# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2022

Lyle W. Cayce
Clerk

No. 21-40736
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Hernan Garcia-Hernandez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-1687-1

Before Southwick, Graves, and Costa, *Circuit Judges*.

Per Curiam:[*]

Hernan Garcia-Hernandez, federal prisoner # 85933-079, seeks leave to proceed in forma pauperis (IFP) from the denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. He argues that the district court erred in concluding that he failed to show extraordinary and

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

compelling reasons warranting relief. In addition, he contends that the district court's consideration of 18 U.S.C. § 3553(a) factors such as his criminal history was inappropriate given his assertion that he was entitled to release based on the risks to his life and health if he contracts COVID-19.

We review the district court's denial for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The court was authorized to consider the § 3553(a) factors, and any challenge by Garcia-Hernandez to the weight given to those factors is an insufficient ground for reversal. *See Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 694. As the district court did not abuse its discretion in concluding that Garcia-Hernandez was not entitled to release under the § 3553(a) factors, we need not consider Garcia-Hernandez's arguments challenging the district court's conclusion that he failed to show extraordinary and compelling reasons warranting relief. *See Ward*, 11 F.4th at 360-62.

Because Garcia-Hernandez fails to demonstrate a nonfrivolous issue for appeal, the motion for IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.