# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2022

Lyle W. Cayce
Clerk

No. 21-50041
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FILOMENO TREVINO FRANCO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-92-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Filomeno Trevino Franco, federal prisoner # 39748-180, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. The district court stated that it had reviewed the parties' arguments, which included the Government's response addressing the factors of 18 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50041

§ 3553(a), and it denied the § 3582(c)(1)(A)(i) motion "[a]fter considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission." We review the denial of Franco's § 3582(c)(1)(A)(i) motion for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Franco contends that the district court abused its discretion by treating U.S.S.G. § 1B1.13 as binding and failing to consider factors showing that he is not a danger to the community. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). However, the district court did not abuse its discretion because the denial was also based on an assessment of the § 3553(a) factors, which the Government had argued as an additional basis for denying the motion. *See Chambliss*, 948 F.3d at 693-94; *see also Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021). Franco's disagreement with the district court's balancing of the § 3553(a) factors is unpersuasive. *See Chambliss*, 948 F.3d at 694. We do not consider his arguments, raised for the first time on appeal, that he is entitled to relief under section 404 of the First Step Act of 2018, 132 Stat. 5194. *Cf. United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021).

Franco's motion for appointment of counsel is DENIED, and the judgment of the district court is AFFIRMED.