# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 5, 2022

Lyle W. Cayce
Clerk

No. 21-10406
Summary Calendar

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Mark Linnear Hays,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-380
USDC No. 3:95-CR-141-2

---

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Mark Linnear Hays, federal prisoner # 46431-019, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He argues that he was entitled to release because (1) the 18 U.S.C.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10406

§ 3553(a) factors, including his family ties and post-sentencing rehabilitation, support release and (2) given his medical conditions, the COVID-19 pandemic is an extraordinary and compelling reason. He additionally argues, for the first time on appeal, that the district court erred at his initial sentencing proceeding when it originally imposed consecutive life sentences.

"A court, on a motion by the [Bureau of Prisons] or by the defendant after exhausting all [Bureau of Prison] remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). We review the denial of a § 3582(c)(1)(A)(i) motion for abuse of discretion. *See id.* at 693.

Here, the district court did not abuse its discretion by denying relief based upon a balancing of the § 3553(a) sentencing factors. *Cf. id.* at 694 ("[A]lthough Chambliss may disagree with how the district court balanced the § 3553(a) factors, that is not a sufficient ground for reversal."). Accordingly, we do not consider Hays's contention that extraordinary and compelling reasons justify relief. *See Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021) ("The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction."); *see also United States v. Jackson*, 27 F.4th 1088, 1094 n.8 (5th Cir. 2022).

Additionally, to the extent Hays challenges his initial sentencing proceeding, the argument is not properly before this court, as it was not raised in the district court. *See Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 n.1 (5th Cir. 2021). Moreover, a challenge to an initial sentencing proceeding is not appropriately raised in a § 3582(c) motion. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) (explaining, in a § 3582(c)(2)

case, that "[a] modification proceeding is not the forum for a collateral attack on a sentence long since imposed and affirmed on direct appeal").

AFFIRMED.