# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 31, 2022

Lyle W. Cayce
Clerk

No. 21-20459
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GRATINIANO TOVAR-VALENCIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:97-CR-168-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Gratiniano Tovar-Valencia, federal prisoner # 19844-034, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He argues that he has shown extraordinary and compelling reasons that warrant compassionate release due to being

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

sentenced in violation of *United States v. Booker*, 543 U.S. 220 (2005), and the risk a reinfection of COVID-19 poses to him in light of his underlying medical conditions. He further argues that the district court abused its discretion in balancing the 18 U.S.C. § 3553(a) sentencing factors given that it found the same factors weighed in his favor of a previous reduction based upon Amendment 782 to the Sentencing Guidelines.

The district court found that Tovar-Valencia failed to show extraordinary and compelling reasons for release and, alternatively, that the seriousness of the offense, the need to promote respect for the law, the need for adequate deterrence, and the need to protect the public from further crimes by Tovar-Valencia outweighed granting release. *See* § 3553(a)(2)(A), (a)(2)(B), (a)(2)(C). The factual reasons for each of these conclusions are thoroughly outlined in a detailed ten-page order discussing the § 3553 factors, Tovar-Valencia's criminal history, his current health concerns, his post-sentencing accomplishments, and the parties' competing arguments.[1] Tovar-Valencia's argument amounts to a disagreement with the district court's balancing of the § 3553(a) sentencing factors, which "is not a sufficient ground for reversal." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Because the district court did not abuse its discretion by denying relief based upon a balancing of the § 3553(a) sentencing factors, we do not consider Tovar-Valencia's contention that extraordinary and compelling

---

[1] This detailed assessment certainly satisfies the "specific factual reasons" required for meaningful appellate review. *Chambliss*, 948 F.3d at 693; *see also United States v. Suttle*, No. 21-50576, 2022 WL 1421164 (5th Cir. 2022)(unpub.); *United States v. Sauseda*, No. 21-50210, 2022 WL 989371 (5th Cir. 2022)(unpub.). Furthermore, the same district court judge deciding the motion for compassionate release also sentenced Tovar-Valencia and, in 2017, reduced his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines.

No. 21-20459

reasons justify relief.  *See Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.

AFFIRMED.