# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2022

Lyle W. Cayce
Clerk

No. 21-50143
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LEE ERIC REED,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CR-1-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

 Lee Eric Reed, federal prisoner # 84358-280, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On appeal, he argues that the district court abused its discretion because the court determined that he posed a danger to the safety

---

 * Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

of any other person or the community under U.S.S.G. § 1B1.13(2), erroneously considered his extensive criminal history, and erred in finding his circumstances were not compelling and extraordinary because he previously contracted COVID-19.

A district court may grant a prisoner's compassionate release motion pursuant to § 3582(c)(1)(A)(i). *See United States v. Shkambi*, 993 F.3d 388, 391-92 (5th Cir. 2021). We review a district court's denial of a motion for compassionate release under § 3582(c)(1)(A)(i) for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court may modify a defendant's term of imprisonment, after considering the applicable 18 U.S.C. § 3553(a) factors, if the court finds that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i); *see Shkambi*, 993 F.3d at 392-93.

Here, the district court denied Reed's motion based on an independent assessment of the § 3553(a) factors, and we affirm on that basis. *See Chambliss*, 948 F.3d at 693-94; *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021). To the extent that Reed argues that the court should not have considered his criminal history, a mere disagreement with the district court's weighing of the § 3553(a) factors is insufficient to show an abuse of discretion. *See Chambliss*, 948 F.3d at 693-94 (noting district court's consideration of criminal history as part of the § 3553(a) factors). Accordingly, we need not consider the district court's separate reasoning that he posed a danger to the safety of any other person or the community and that he previously contracted COVID-19.

The district court's order is AFFIRMED.