# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2022

Lyle W. Cayce
Clerk

No. 21-30188
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Frankie Maldonado,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CR-207-1

Before Jolly, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

Frankie Maldonado, now federal prisoner # 27856-171, was convicted of two counts of producing child pornography and one count of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor. He was sentenced to two concurrent 360-month prison terms on

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30188

the first two counts and one 120-month prison term on the third count, which was made consecutive to the other prison sentences. In this appeal, Maldonado challenges the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

The denial of a motion for compassionate release is reviewed for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court abuses its discretion when its decision is based on a legal error or a clearly erroneous assessment of the evidence. *Id.* at 693-94.

A motion for compassionate release may be granted if, after considering the applicable 18 U.S.C. § 3553(a) factors, the district court finds, inter alia, that extraordinary and compelling reasons warrant such a reduction and that a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. § 3582(c)(1)(A)(i). This court recently held that a district court considering a prisoner's compassionate release motion is not bound by U.S.S.G. § 1B1.13 or its commentary but must instead consider the extraordinary circumstances requirement of § 3582(c)(1)(A)(i) and the § 3553(a) sentencing factors. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Here, even if it is assumed that the district court based its determination that there were no extraordinary and compelling reasons under § 3582(c)(1)(A)(i) on a legal error under *Shkambi*, 993 F.3d at 393, or a clearly erroneous assessment of the evidence, there was no reversible error because the district court alternatively denied relief based on its assessment of the § 3553(a) factors. *See Ward v. United States*, 11 F.4th 354, 360, 362 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693-94.

Furthermore, Maldonado has failed to show that the district court abused its discretion in determining that the § 3553(a) factors did not warrant compassionate release. *See Chambliss*, 948 F.3d at 693-94. In explaining its

determination, the district court noted Maldonado's claimed positive post-sentencing conduct but relied instead on his troubled criminal history, the facts and circumstances of his serious offenses of conviction, and the fact that only a small portion of his lengthy prison sentences had been discharged. Maldonado's challenge to the district court's balancing of the § 3553(a) factors is not a sufficient ground for reversal. *See Chambliss*, 948 F.3d at 694.

Finally, there is no merit to Maldonado's apparent assertion that the district court failed to adequately explain its application of the § 3553(a) sentencing factors. As discussed above, the district court provided multiple specific factual reasons why compassionate release was not warranted under § 3553(a). *See Chambliss*, 948 F.3d at 693.

Given the foregoing, the district court did not abuse its discretion in denying Maldonado's motion for compassionate release under § 3582(c)(1)(A)(i). *See Chambliss*, 948 F.3d at 693-94. The judgment of the district court is AFFIRMED.