# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2022

Lyle W. Cayce
Clerk

No. 21-50784
Summary Calendar

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Cornelius Tywarren Wilson,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:13-CR-138-1

---

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Cornelius Tywarren Wilson, federal prisoner # 18730-380, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Wilson contends that the district court abused its discretion by denying his motion without requiring a response from the Government. He

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

further argues that the district court failed to address all the factors that he argued weighed in favor of a finding that extraordinary and compelling reasons justified relief.

Although the district court did not specifically address each argument made by Wilson, there is no indication that the district court did not consider them. *See Rita v. United States*, 551 U.S. 338, 356 (2007) (holding that an opinion does not necessarily have to respond to every argument); *see also United States v. Chavez-Meza*, 138 S. Ct. 1959, 1965 (2018). In addition to denying Wilson's motion on the basis that extraordinary and compelling reasons did not warrant relief, the district court concluded that a balancing of the 18 U.S.C. § 3553(a) sentencing factors did not weigh in favor of reducing Wilson's 360-month sentence. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020); § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C). Wilson's failure to challenge this determination on appeal defeats his challenge to the district court's denial of his motion. *See Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Further, Wilson's argument that the district court abused its discretion in denying his motion without a response from the Government is unavailing. *See* § 3582(c)(1)(A); *Ward*, 11 F.4th at 361. Accordingly, the judgment of the district court is AFFIRMED. *See Chambliss*, 948 F.3d at 693.