# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2022

Lyle W. Cayce
Clerk

No. 21-50168
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GUSTAVO ADOLFO LOPEZ-REYNOSO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CR-77-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Gustavo Adolfo Lopez-Reynoso, federal prisoner # 36833-280, appeals the denial of his motion to reconsider the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He contends that the district court erred in concluding that his medical

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50168

conditions, the threat of COVID-19, and the substandard medical care available in prison did not constitute extraordinary and compelling reasons that would warrant relief. He also contends that the district court should not deny relief based solely on the 18 U.S.C. § 3553(a) factors given the risks to his health and the lack of violence in his underlying criminal offenses.

We review the district court's denial for an abuse of discretion. *See United States v. Garrett*, 15 F.4th 335, 339-40 (5th Cir. 2021); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). The district court was authorized to deny relief based solely on the § 3553(a) factors. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020). Any challenge to the weight given to those factors is an insufficient ground for reversal. *Id.* at 694. As the district court did not abuse its discretion in concluding that Lopez-Reynoso was not entitled to release under the § 3553(a) factors, we need not consider his challenges to the district court's conclusion that he failed to show extraordinary and compelling reasons warranting relief. *See Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021).

AFFIRMED.