# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2022

Lyle W. Cayce
Clerk

No. 21-10753
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANGEL HERNANDEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-1491

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Angel Hernandez, federal prisoner # 73104-079, appeals the denial of a motion seeking relief from his 262-month prison sentence under 18 U.S.C. § 3582(c)(1)(A)(i). He contends that extraordinary and compelling reasons support his early release and that the 18 U.S.C. § 3553(a) factors weigh in his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

favor. We review for an abuse of discretion. *See United States v. Jackson*, 27 F.4th 1088, 1091 (5th Cir. 2022).

The district court applied the § 3553(a) factors and articulated why a sentence reduction was not warranted given the seriousness of Hernandez's methamphetamine conspiracy and distribution offense, as well as the need to promote respect for the law and provide just punishment. To the extent he disputes findings by the district court about the nature and circumstances of the offense, he cites no evidence, and his conclusory assertions fail to show that the court "base[d] its decision on . . . a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted). To the extent he asserts that the district court's concerns are outweighed by the amount of time he has served, his participation in recidivism reduction programs, the purportedly nonviolent nature of his offense, his plan to live with his sister if released, and the money that the Government would save, his disagreement "with how the district court balanced the § 3553(a) factors . . . is not a sufficient ground for reversal." *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

Hernandez's remaining arguments challenge the district court's alternative determination that he was not entitled to relief because he failed to show extraordinary and compelling reasons justifying his release. We do not reach that question, as we may affirm when district court's weighing of the § 3553(a) factors "independently support[s] its judgment." *Jackson*, 27 F.4th at 1093 n.8; *see Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693-94. Because Hernandez has not identified any error of law or clearly erroneous finding by the district court in applying the § 3553(a) factors, as necessary to show an abuse of discretion, the district court's order is AFFIRMED. *See Jackson*, 27 F.4th at 1091; *Chambliss*, 948 F.3d at 693-94.