# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 26, 2022

Lyle W. Cayce
Clerk

No. 21-50943
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Clarence Johnel White,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-313-1

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Clarence Johnel White, federal prisoner # 28288-380, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. The district court stated that it had reviewed the parties' arguments, which included the Government's response addressing the factors of 18 U.S.C.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50943

§ 3553(a), and it denied the § 3582(c)(1)(A)(i) motion "[a]fter considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission." We review the denial of White's § 3582(c)(1)(A)(i) motion for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

White's opening brief raises no challenges to the district court's analysis, and he has thus abandoned such arguments. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). In his reply brief, White contends that the district court erred in failing to consider the § 3553(a) factors or his extraordinary and compelling reasons warranting release, that the district court improperly considered the policy statements issued by the Sentencing Commission, and that he had established that release was warranted under § 3553(a) given that he had served most of his sentence and his participation in rehabilitative classes in prison. We generally do not consider issues raised for the first time in a reply brief. *See United States v. Rodriguez*, 602 F.3d 346, 360-61 (5th Cir. 2010).

Even if we were to consider White's arguments, he is not entitled to relief. The district court did not abuse its discretion because the denial of relief was based in part on an independent assessment of the § 3553(a) factors, which the Government had argued as an additional basis for denying the motion. *See Chambliss*, 948 F.3d at 693-94; *see also Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021). White's disagreement with the district court's balancing of the § 3553(a) factors is unpersuasive. *See Chambliss*, 948 F.3d at 694.

Accordingly, the judgment of the district court is AFFIRMED.