# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2022

Lyle W. Cayce
Clerk

No. 21-10611
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Perales,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:17-CR-74-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Michael Perales, federal prisoner # 43787-177, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. He argues that the district court erred in concluding that he failed to show extraordinary and compelling reasons warranting relief and failed to sufficiently explain its

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

reasons for concluding that release was unwarranted under the 18 U.S.C. § 3553(a) factors.

We review the district court's denial for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). We may consider the entire record, going back to the original sentencing, in deciding whether the district court adequately justified its sentencing decision. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965–67 (2018). Here, the district court's explanation of the factual reasons supporting its denial of Perales' motion is neither lengthy nor detailed. Indeed, the district court's order occupies only a single page. Nevertheless, the "specific factual reasons" for the district court's decision are reasonably inferable when the district court's order is considered together with the record in this matter.

The 2021 order denying Perales' motion begins by stating that the motion—which focuses on risks associated with the Covid-19 virus—was considered and that Perales had failed to show extraordinary and compelling reasons warranting relief. The district court's order alternatively denies the motion based on the court's consideration of the § 3553(a) factors, noting that courts granting compassionate release "'have done so for defendants who have already served the lion's share of their sentences. . . .'"

Importantly, the district court judge who decided Perales' motion for compassionate release also determined his original sentence, in 2018, after considering Perales' Presentence Investigation Report (PSR). The PSR reveals that Perales' offense was more serious than a standard felon-in-possession offense. *See* PSR, ¶¶ 10–18 (indicating that, while on supervised release, Perales accepted a number of firearms in purported payment of a debt; brokered with others to sell some of the firearms on his behalf; and asked his girlfriend to claim responsibility for the weapons (upon learning they were stolen property) to avoid apprehension). The PSR also detailed

No. 21-10611

Perales' extensive criminal history. *Id.* at ¶¶ 37–47 (noting multiple convictions for robbery and burglary, as well as a previous felon-in-possession conviction, yielding a criminal history category of VI). Furthermore, at the original sentencing hearing, the district judge rejected Perales' request for a sentence at the bottom of the applicable guidelines range,[1] explaining that a top-of-the-guidelines sentence of 96 months was imposed in order to adequately address the sentencing objectives of punishment and deterrence.[2]

Given the foregoing, although the district court's order does not detail the factual reasons for denying Perales' motion for compassionate release, the rationale for the court's decision is adequately inferable when the order is considered together with the record from Perales' original sentencing record, particularly including the PSR and the sentencing hearing transcript. In short, it is evident that the district court was not persuaded that Perales' concerns regarding the risks associated with the COVID-19 virus sufficiently outweighed the § 3553 factors on which his sentence of 96 months was based. *See* § 3553(a)(1) & (a)(2); *see also Chavez-Meza*, 138 S. Ct. at 1965-67; *Chambliss*, 948 F.3d at 693; *see also United States v. Suttle*, No. 21-50576, 2022 WL 1421164 (5th Cir. 2022)(unpub.)(order denying motion for compassionate release was vacated and remanded because order lacked "specific factual reasons" for decision, presiding judge had not decided original sentence, and rationale for decision was not otherwise inferable from record); *United States v. Sauseda*, No. 21-50210, 2022 WL 989371, *2 (5th Cir. 2022)(unpub.) (where the same judge imposed the original sentence, the

---

[1] The request was premised in part on Perales' purported need to receive cancer treatment.

[2] The term of imprisonment also was ordered to run consecutively to any revocation sentence imposed in Case No. 1:17-CR-088-01-C then-pending in the Northern District of Texas, Abilene Division.

weight given to § 3553(a) factors in deciding subsequent motion for compassionate release may be inferable from original sentencing decision) .

Accordingly, the district court's judgment is AFFIRMED on that basis, and we do not consider Perales' arguments challenging the district court's conclusion that he failed to show extraordinary and compelling reasons warranting relief. *See United States v. Ward*, 11 F.4th 354, 360–62 (5th Cir. 2021). Perales' assertion that the district court committed procedural error by failing to rule on his motion for the appointment of counsel is patently incorrect as the court in fact denied that motion by separate order on the same date it denied compassionate release. Lastly, Perales' motion for appointment of counsel is DENIED. *See United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008).