# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2022

Lyle W. Cayce
Clerk

No. 21-20090

United States of America,

*Plaintiff—Appellee*,

*versus*

Travis White,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-48-2

Before Jones, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Travis White, federal prisoner # 73171-279, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He argues the district court erred by determining that he had not established extraordinary and compelling reasons for compassionate

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

release, given that his high blood pressure makes him particularly vulnerable to severe illness or death if he were re-exposed to COVID-19 at his prison.

A district court's decision whether to grant a sentence reduction under § 3582(c)(1)(A)(i) is discretionary, not mandatory. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Accordingly, we review the denial of a § 3582(c)(1)(A)(i) motion for abuse of discretion. *Chambliss*, 948 F.3d at 693. A district court abuses its discretion when its decision is based on a legal error or a clearly erroneous assessment of the evidence. *Id.* at 693–94.

White fails to show that the district court's assessment of the evidence was clearly erroneous. He points out that he tested positive for COVID-19 and has been diagnosed with hypertension. But the district court considered these facts—along with the fact that he remained asymptomatic as of his last check-up and was on medication for his hypertension—and concluded that he had not shown extraordinary and compelling reasons for a compassionate release. This assessment was not clearly erroneous. *See id.*

White also argues the district court legally erred. Specifically, he points out that there is currently no applicable policy statement governing compassionate-release motions filed under the recently amended § 3582(c)(1)(A) and district courts are thus empowered to consider any extraordinary and compelling reason for release that a defendant might raise. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (holding that district courts considering § 3582(c)(1)(A)(i) motions filed by prisoners are not bound by § 1B1.13 of the U.S. sentencing guidelines or its commentary). Construing White's *pro se* brief liberally, he appears to argue that the district court's denial of his § 3582(c)(1)(A)(i) motion—issued before *Shkambi* was decided—was based on the considerations discussed in § 1B1.13 and its commentary rather than the applicable factors in 18 U.S.C. § 3553(a).

No. 21-20090

Accordingly, he maintains that his case should be remanded in light of *Shkambi*.

This argument fails. Even if a district court denies a compassionate-release motion based in part on consideration of § 1B1.13 and its commentary, that denial should be affirmed if the district court also reasonably determined apart from § 1B1.13 that the defendant's motion should be denied. *See Ward v. United States*, 11 F.4th 354, 360–61 (5th Cir. 2021). Here, the district court's opinion did not explicitly invoke either § 1B1.13 or § 3553(a) in concluding that the new facts White raised did not constitute "extraordinary and compelling reasons" for compassionate release under § 3582(c)(1)(A)(i). The district court reasonably tied its analysis and conclusions to the text of § 3582(c)(1)(A), and we will not assume without evidence that the court's analysis was entirely based on the incorrect premise that it was bound by § 1B1.13 and its commentary.

AFFIRMED.