# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2022

Lyle W. Cayce
Clerk

No. 21-50079
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVID AUNDRA STRAUGHN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-3-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

David Aundra Straughn, federal prisoner # 72866-080, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. We review for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). We need not consider whether the district court

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50079

erred by determining that Straughn failed to show extraordinary and compelling reasons warranting a sentence reduction because the district court's alternative consideration of the 18 U.S.C. § 3553(a) factors provides a sufficient basis for affirmance. *See Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693-94.

On appeal, Straughn contends that, when the § 3553(a) factors are considered properly, intervening changes in sentencing laws, his personal history and characteristics, the seriousness of his offense, and his record of rehabilitation weigh in favor of his release from prison. However, the district court thoroughly analyzed multiple sentencing factors in light of Straughn's criminal history and offense conduct. Straughn's disagreement with the district court's weighing of the § 3553(a) factors does not warrant reversal. *See Chambliss*, 948 F.3d at 694.

AFFIRMED.