# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2022

Lyle W. Cayce
Clerk

No. 21-20631
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERT DAVIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:01-CR-140-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Robert Davis, federal prisoner # 97410-079, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. We review for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). We need not consider whether the district court erred by

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20631

determining that Davis failed to show extraordinary and compelling reasons warranting a sentence reduction because the district court's alternative consideration of the 18 U.S.C. § 3553(a) factors provides a sufficient basis for affirmance. *See Ward v. United States*, 11 F.4th 354, 360–62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693–94.

On appeal, Davis contends that relief is warranted based on his high risk for serious illness if he contracts COVID-19, the extraordinary length of his sentence, intervening changes in sentencing laws, his acceptance of responsibility, and his record of post-sentencing rehabilitation. However, the district court determined that the sentencing factors did not support a sentence reduction due to Davis's role in his offense of conviction, the nature of his offense, and his "extensive criminal history." Davis's disagreement with the district court's weighing of the Section 3553(a) factors does not warrant reversal. *See Chambliss*, 948 F.3d at 694.

AFFIRMED.