# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2022

Lyle W. Cayce
Clerk

No. 22-10400
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Ruben Hernandez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-65-1

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Ruben Hernandez, federal prisoner # 36963-177, appeals the district court's denial of a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He argues that the court erred by relying on a guidelines policy statement and by ignoring evidence of his postsentencing

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

rehabilitation. Our review of the district court's ruling is for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Hernandez also moves for leave to proceed in forma pauperis in this appeal, which motion is GRANTED.

In deciding a prisoner's own motion for compassionate release, district courts are bound only by § 3582(c)(1)(A)(i) and the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Hernandez fails to show that the district court disregarded this authority, which it expressly acknowledged in its order. Moreover, even if the district court improperly limited its inquiry into whether Hernandez presented extraordinary and compelling reasons for his request, its separate determination that the § 3553(a) factors weighed against a reduced sentence suffices to support its decision. *See Ward v. United States,* 11 F.4th 354, 360-62 (5th Cir. 2021); *Chambliss,* 948 F.3d at 693-94.

Contrary to Hernandez's assertions, the district court's ruling reflects that the court considered his arguments but concluded nonetheless that the § 3553(a) factors weighed against granting relief. Hernandez fails to demonstrate that the court abused its discretion in reaching this conclusion, and his mere disagreement with it "is not a sufficient ground for reversal." *Chambliss*, 948 F.3d at 694. We are also not persuaded by his attempt to show an abuse of discretion based on the Supreme Court's decision in *Pepper v. United States*, 562 U.S. 476 (2011).

Accordingly, the district court's ruling is AFFIRMED.