# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10331
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 28, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Milton Puentes,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-79-1

---

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Jose Milton Puentes, federal prisoner # 69025-112, was sentenced in 2015 to 360-months of imprisonment following his conviction for distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). In March 2022, Puentes filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), asserting

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

that there were extraordinary and compelling reasons for a reduction of his sentence. He argued that his 30-year sentence was unreasonable and the result of improper enhancements; his mother needed someone to take care of her; and his release was warranted in light of his post-sentencing rehabilitation as well as the COVID-19 pandemic, notwithstanding that he had no health issues. The district court denied the motion.

Puentes, proceeding pro se, argues that the district court abused its discretion in denying his motion for compassionate release. He argues that the district court improperly relied on the policy statement of U.S.S.G. § 1B1.13, failed to consider his arguments in support of compassionate release, namely his post-conviction rehabilitation and his mother's need for a caregiver, and erred by denying relief based on a finding that he was a danger to community. He also argues that the district court did not consider that his sentence was improperly enhanced under the Guidelines.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court abuses its discretion when "it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Ward v. United States*, 11 F.4th 354, 359 (5th Cir. 2021) (internal quotation and citation omitted).

The district court did not consider itself bound by, nor did it improperly base its decision on, the policy statement of § 1B1.13. Rather, the district court expressly stated that, after *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021), it was bound by 18 U.S.C. §§ 3553(a) and 3582(c)(1)(A), although it noted that the policy statement of § 1B1.13 could be used as a tool. Additionally, and contrary to Puentes's assertion, the district court addressed the arguments Puentes raised in support of his motion and considered whether they warranted compassionate release in light of the

No. 22-10331

§ 3553(a) factors.  The district court's § 3553(a) determination constituted an adequate basis for denying Puentes's motion; Puentes's disagreement with the district court's weighing of the § 3553(a) factors is not sufficient to show an abuse of discretion.  *See Ward*, 11 F.4th at 360-62; *Chambliss*, 948 F.3d at 693-94.

Because we find no abuse of discretion in this case, the district court's judgment is AFFIRMED.