# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2023

Lyle W. Cayce
Clerk

No. 22-40658
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JORDAN ANDREW DAVIDSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-758-1

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Jordan Andrew Davidson, federal prisoner # 79430-179, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He contends that he established extraordinary and compelling reasons for release because, pursuant to *United States v. Taylor*, 142 S. Ct. 2015 (2022), his attempted murder conviction no longer qualifies

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-40658

as a crime of violence supporting his conviction for using a firearm during and in relation to a crime of violence. In addition, he asserts that if he had been sentenced after imposition of the First Step Act, he could have received the benefit of lower mandatory minimum sentences and the sentencing court could have taken into account the mandatory minimum sentence for his firearm offense in crafting an appropriate sentence for the attempted murder; he acknowledges that the First Step Act is not retroactively applicable, but he maintains that the court can take its amendments into account in determining whether compassionate release is appropriate. Finally, Davidson argues that the district court gave disproportionate weight to the circumstances surrounding his offense and his prison disciplinary record, failed to give controlling weight to his post-sentencing rehabilitation efforts, and failed to take into account unwarranted sentencing disparities between Davidson and similarly situated offenders sentenced under the First Step Act.

We review for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020). The district court conducted an independent review of the 18 U.S.C. § 3553(a) factors and concluded that Davidson was not entitled to relief. Davidson has not shown that the district court abused its discretion in this conclusion. *See id.* at 693; *see also Concepcion v. United States*, 142 S. Ct 2389, 2404-05 (2022). Because the district court's independent § 3553(a) analysis supports the dismissal, it is unnecessary to consider Davidson's arguments challenging the district court's conclusion that he failed to show extraordinary and compelling reasons warranting relief. *See United States v. Jackson*, 27 F.4th 1088, 1093 & n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021). Accordingly, the judgment of the district court is AFFIRMED.