# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2024

Lyle W. Cayce
Clerk

———————————

No. 22-50939
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Hernaldo Perea Beltran,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:00-CR-46-1

———————————————————————

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Hernaldo Perea Beltran, federal prisoner # 51158-180, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He contends that the district court's order denying his motion was unclear and failed to (1) reach the issues surrounding his proffered extraordinary and compelling reasons for

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

compassionate release, and (2) provide sufficient information for this court to determine whether the district court acted within its discretion. He also contends that the district court abused its discretion by failing to address whether the U.S.S.G. § 1B1.13 policy statement is binding. We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Perea Beltran filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), claiming that the COVID-19 virus puts his life at risk and that he needs to care for his elderly mother. The district court, in a one-paragraph order, denied the motion. In our previous consideration of Perea Beltran's appeal, we remanded for the limited purpose of having the district court clarify its reasons for denying his motion for compassionate release. *United States v. Perea Beltran*, No. 22-50939, 2023 WL 5347288, at *2 (5th Cir. Aug. 21, 2023). On remand, the district court stated that it had reviewed the merits of Perea Beltran's motion and the entire record and had determined that the 18 U.S.C. § 3553(a) factors did not support early release. Specifically, the district court noted Perea Beltran's status as the leader or organizer of a large drug distribution organization, the large amount of cocaine that he sold in the four years preceding his arrest, the applicable guidelines range of imprisonment, the 420-month sentence imposed (later reduced to 342 months), and his prison disciplinary record. The district court determined that a reduction in sentence was not justified in light of the nature and circumstances of his offense, his criminal history inside and outside of prison, and his other characteristics. The district court further explained that reducing Perea Beltran's sentence would not reflect the seriousness of the offense, adequately deter criminal conduct, or protect the public from further crimes.

A district court is not required "to make a point-by-point rebuttal of the parties' arguments[;] [a]ll that is required is for a district court to

demonstrate that it has considered the arguments before it." *Concepcion v. United States*, 597 U.S. 481, 502 (2022). Here, the district court's new order sets forth thorough reasons for its denial of Perea Beltran's compassionate release motion under § 3553(a), and thus provides a sufficient explanation. *See id.*; *Chambliss*, 948 F.3d at 693-94. Because Perea Beltran has not shown that the district court abused its discretion in denying relief under the § 3553(a) factors, we need not consider any arguments regarding the existence of extraordinary and compelling circumstances or the applicability of policy statements. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021) ("The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction.").

Finally, we need not consider Perea Beltran's insistence, raised for the first time in his reply brief, that we should remand this case to the district court with instructions to hold the matter in abeyance pending the issuance of new amendments to the Sentencing Guidelines. *See United States v. Rodriguez*, 602 F.3d 346, 360-61 (5th Cir. 2010); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.