# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-30300
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Dalton Bennett,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-177-1

———————————————————————

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:*

Dalton Bennett, federal prisoner # 31096-034, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Bennett contends that the district court erred in finding that he did not properly exhaust administrative remedies. He additionally argues that his is an unusually long sentence, which is an extraordinary and compelling reason

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

warranting compassionate release under the policy statement set forth in U.S.S.G. § 1B1.13(b)(6). Finally, he contends that he is entitled to compassionate release due to "his age at sentencing, his rehabilitation efforts, the communit[y's] willingness to re-accept him back into society, and his lowered recidivism risk."

We need not consider whether the district court's exhaustion findings were erroneous because the district court did not abuse its discretion in alternatively and independently determining that compassionate release was not warranted based on its review of the 18 U.S.C. § 3553(a) factors. At most, Bennett's arguments challenging the district court's assessment of the § 3553(a) factors amount to no more than a disagreement with the district court's balancing of these factors, which is insufficient to show an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Because the district court did not abuse its discretion by denying relief based on the balancing of the § 3553(a) factors, we need not consider Bennett's arguments regarding extraordinary and compelling circumstances. *See United States v. Jackson*, 27 F.4th 1088, 1093 & n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021).

AFFIRMED.