# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 16, 2025

Lyle W. Cayce
Clerk

No. 25-10202
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVID KEVIN LEWIS,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-159-1

————————————————————

Before WIENER, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant David Kevin Lewis, federal prisoner # 34305-077, appeals the district court's denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A). Lewis is currently serving a 360-month aggregate term of imprisonment for his convictions of one count of conspiracy to commit securities fraud and 23 counts of securities

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

fraud and aiding and abetting.  On appeal, he contends primarily that an intervening change in law and purported errors in the calculation of his sentence constitute extraordinary and compelling reasons warranting relief.

In addition to finding that Lewis failed to demonstrate extraordinary and compelling reasons, the district court determined that a balancing of the 18 U.S.C. § 3553(a) sentencing factors did not weigh in favor of granting Lewis's motion for compassionate release.  Specifically, the district court decided that Lewis's 360-month sentence was "required to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct."  *See* 18 U.S.C. § 3553(a)(1), (a)(2).  In making this determination, the district court noted the seriousness of Lewis's offense, which involved defrauding at least 23 different investors in the oil and gas industry for a total loss of over $2.5 million.  The district court further noted that Lewis did not accept responsibility for his criminal conduct until the instant motion, committed perjury while testifying at trial, had two prior federal felony convictions involving fraud in the oil and gas industry, and had faced a possible sentence of life imprisonment.

Contrary to Lewis's argument, the record reflects that the district court was not under the mistaken assumption that granting his motion required his immediate release from prison.  Rather, the district court's order, including analysis of the § 3553(a) factors, demonstrates that it was aware that it could reduce or modify Lewis's sentence under § 3582(c)(1)(A).  Lewis's failure to challenge the district court's analysis of the § 3553(a) factors defeats his claim that the district court abused its discretion in denying his motion.  *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *see also Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  As such, we need not consider his contention that extraordinary and

No. 25-10202

compelling reasons justify relief. *See Ward v. United States*, 11 F.4th 354, 360–62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.

Accordingly, the order of the district court is AFFIRMED.