# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2025

Lyle W. Cayce
Clerk

No. 24-11107
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JIM WESLEY DAVIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-36-1

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Jim Wesley Davis, federal prisoner # 30453-138, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Davis contends that extraordinary and compelling reasons exist for his compassionate release, focusing on various changes in the law that would result in a lower sentence if he were sentenced today and his advanced age

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

and medical conditions.  He further argues that the district court erred by failing to reevaluate the 18 U.S.C. § 3553(a) factors when it denied his motion.  He maintains that compassionate release would "not deprecate the seriousness of his crimes" or "undermine the administration of justice" and "at this late stage of his life," it would "promote respect for the law, and evidence the provident use of what is today's sentencing norms."

We review the denial of a motion for compassionate release for abuse of discretion.  *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  We need not consider Davis's arguments concerning extraordinary and compelling reasons, because "we have regularly affirmed the denial of a compassionate-release motion . . . where the district court's weighing of the [18 U.S.C. §] 3553(a) factors can independently support its judgment." *United States v. Jackson*, 27 F.4th 1088, 1092-93 n.8 (5th Cir. 2022); *see Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021).  Such is the case here.

As regards the § 3553(a) factors, the district court's order demonstrates that it reevaluated and conducted an independent review of them and concluded that Davis was not entitled to relief.  Specifically, the district court found that Davis's 32-year sentence was appropriate in light of "the severity of his crimes and his criminal history" and "a sentence modification would not 'reflect the seriousness of the offense,' 'protect the public from further crimes of the defendant,' 'promote respect for the law,' or 'afford adequate deterrence to criminal conduct.'"  *See* 18 U.S.C. § 3553(a)(2)(A)-(C).  At most, Davis's arguments challenging the district court's assessment of the § 3553(a) factors amount to no more than a disagreement with the district court's balancing of those factors, which is insufficient to show an abuse of discretion.  *See Chambliss*, 948 F.3d at 694.

AFFIRMED.