# United States Court of Appeals for the Fifth Circuit

———————

No. 25-10443
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TIMOTHY STEPHEN LEE,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-144-1

———————————————————

Before WIENER, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Timothy Stephen Lee appeals the district court's denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A). Lee is serving concurrent life sentences for possession of more than five grams of pure methamphetamine with intent to distribute, and for possession of more than fifty grams of pure

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

methamphetamine with intent to distribute. Represented by counsel, Lee primarily argues on appeal that intervening changes in the law, combined with his "unusually long sentence" and his post-sentencing rehabilitation, constitute extraordinary and compelling reasons for reducing his sentence.

In addition to finding that Lee had failed to demonstrate extraordinary and compelling reasons, the district court determined that a balancing of the sentencing factors under 18 U.S.C. § 3553(a) did not weigh in favor of granting Lee's motion. In making this determination, the district court noted that Lee was one of five generals in a violent prison gang and was influential in the trafficking of methamphetamine throughout Fort Worth, Texas. The district court also noted that Lee, who declined allocution at sentencing, was held accountable for 21,037.60 kilograms of marijuana equivalent and received enhancements for possession of firearms, obstruction of justice, and reckless endangerment during flight. The district court also referenced Lee's extensive criminal history, including the fact that Lee's terms of probation and supervised release had been revoked on several occasions. The district court thus concluded that granting Lee's motion for a sentence reduction "would not reflect the seriousness of his conduct, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, or protect the public from further crimes of the defendant." *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)–(C).

Except for asserting that his life sentence contravenes the sentencing goals of § 3553(a)(2), Lee does not meaningfully challenge the district court's sound conclusion that the § 3553(a) sentencing factors weighed against granting his requested relief. *See United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010) (stating that counseled appellant's failure to adequately brief a point of error constituted waiver). At most, his conclusional argument amounts to no more than his disagreement with the district court's discretion in balancing the § 3553(a) factors, which is insufficient to show an abuse of

discretion.  *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Accordingly, the district court's decision is AFFIRMED.  *See id*. at 693–94; *see also Ward v. United States*, 11 F.4th 354, 360–62 (5th Cir. 2021).