# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2022

Lyle W. Cayce
Clerk

No. 21-50595
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHARLES EDWARD JOHNSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-97-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Charles Edward Johnson, federal prisoner # 83808-180, appeals the denial of his § 3582(c)(1)(A)(i) motion for compassionate release. We review the denial for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50595

Contrary to Johnson's assertions, the district court did not reference U.S.S.G. § 1B1.13 in its denial order, much less did it impermissibly treat § 1B1.13 as binding. *See United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021). Even if the district court erred by failing to consider Johnson's arguments that extraordinary and compelling reasons warranted § 3582(c)(1)(A)(i) relief, any such error is harmless since the court permissibly denied relief based upon its consideration of the 18 U.S.C. § 3553(a) factors. *See Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693-94; Fed. R. Crim. P. 52(a).

Johnson may not now challenge the original sentencing court's alleged failure to discuss the § 3553(a) factors. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011). Contrary to Johnson's assertion, the district court did not rely on his bare arrest record in assessing the § 3553(a) factors. Regardless, even if the court considered prior arrests, Johnson does not substantively argue that these facts lacked adequate evidentiary bases such that the arrests should not have been considered. *See United States v. Harris*, 702 F.3d 226, 230-31 (5th Cir. 2012). Finally, Johnson's mere disagreement with the district court's balancing of the § 3553(a) factors does not warrant reversal. *See Chambliss,* 948 F.3d at 694.

The motion to supplement the record is DENIED, and the order of the district court is AFFIRMED.