# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 1, 2022
Lyle W. Cayce
Clerk

No. 22-30244
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesse L. Cage,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:98-CR-194-1

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Jesse L. Cage, federal prisoner # 22766-034, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He correctly argues that U.S.S.G. § 1B1.13 and its commentary are not binding on a prisoner's own motion for compassionate release. *See United States v.*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

*Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021). He contends that his motion was supported by the import of Amendment 798 to the Guidelines, his age, his time spent in prison, the nature of his offense, his rehabilitative efforts, his contention that his most recent disciplinary case was a result of circumstances due to COVID-19, and his contention that he poses no danger to the community. He has abandoned, by failing to brief, any challenge to the district court's determinations that he should not receive § 3582(c)(1)(A) relief based upon his medical conditions or his increased risk for COVID-19. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

We review the denial for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). There is no indication that the district court impermissibly treated § 1B1.13 as binding. *See Shkambi*, 993 F.3d at 392-93. Even if the district court legally erred in its consideration of § 1B1.13, the denial of the motion may be affirmed because the district court's consideration of the 18 U.S.C. § 3553(a) factors can independently support the judgment. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693-94.

The district court expressly found that it had the discretion to consider Amendment 798 as an extraordinary and compelling reason to reduce the sentence. It did not exercise that discretion, however, given its other stated reasons for denying the motion. In denying the motion, the district court specifically considered Cage's age, his time in prison, the nature of his offense, his rehabilitative efforts, his criminal history, his prison disciplinary history, and his available support system upon release. Cage's mere disagreement with the district court's balancing of the § 3553(a) factors does not warrant reversal. *See Chambliss*, 948 F.3d at 694. The district court's denial of Cage's motion for compassionate release is AFFIRMED.