# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2022

Lyle W. Cayce
Clerk

No. 22-10364
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Santiago Valdez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-65-2

Before King, Higginson, and Willett, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:*

Santiago Valdez, federal prisoner # 54272-080, pleaded guilty to one count of conspiracy to distribute a controlled substance, and he was sentenced as a career offender to 360 months in prison. His sentence was later reduced to 320 months after the district court granted his motion to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

reduce his sentence under Amendment 782 to the Sentencing Guidelines. Valdez appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

We review a district court's decision denying a motion for compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

First, the district court did not specifically reference U.S.S.G. § 1B1.13 in its order, and there is nothing in the record to indicate that it felt bound by this policy statement and its commentary.

Second, when discussing whether Valdez showed extraordinary reasons for compassionate release, the district court stated that Valdez was not sentenced under career offender provisions. This appears to be factual error, overlooking the application of the career offender classification to Valdez's criminal history category, which increased his criminal history category from III to VI.

However, a motion for compassionate release requires a determination that there are extraordinary and compelling reasons for release and that the 18 U.S.C. § 3553(a) factors favor a reduction. *See Chambliss*, 948 F.3d at 693-94. These are independent requirements, and a determination that an inmate has not satisfied one of them is a sufficient basis on which to deny the motion. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021). Because the record shows that the district court's denial of relief was also based on its balancing of the 18 U.S.C. § 3553(a) factors, the district court did not abuse its discretion by denying the motion. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.

No. 22-10364

Accordingly, the judgment is AFFIRMED.    Valdez's motion for judicial notice is DENIED as unnecessary.