# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 28, 2022

Lyle W. Cayce
Clerk

No. 22-40471
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Perez-Barocela,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-757-2

_____

Before Haynes, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:*

Luis Perez-Barocela, federal prisoner # 26178-379, moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He is currently serving a 235-month sentence for conspiracy to possess with intent to distribute more

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

than 1,000 kilograms of marijuana. The district court determined that Perez-Barocela failed to show extraordinary and compelling reasons warranting relief and that the policy statements set forth in the applicable Sentencing Guidelines and the 18 U.S.C. § 3553(a) factors did not weigh in favor of relief. *See* § 3582(c)(1)(A)(i).

Perez-Barocela first contends that his preexisting conditions and vulnerability to COVID-19 were extraordinary and compelling circumstances that warranted compassionate release and that the district court should have obtained his medical records or a response from the Government. Second, he argues that a shift in "societal norms and attitudes towards marijuana" constituted an extraordinary and compelling circumstance warranting relief. Finally, Perez-Barocela argues that the district court, in discussing his criminal history as a basis for denying relief based on the § 3553(a) factors, erred in finding that he had charges pending in Florida for cocaine trafficking, when he had actually pleaded guilty to and was convicted of those charges. Perez-Barocela fails to identify a nonfrivolous argument for appeal. *See Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021); *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020).

Accordingly, his IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.