# United States Court of Appeals for the Fifth Circuit

---

No. 22-50947
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Leon Gonzalez-Longoria,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:92-CR-65-1

---

Before Higginbotham, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jose Leon Gonzalez-Longoria, federal prisoner # 59761-079, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release and his postjudgment motion. He argues that the district court erred in denying his motion for compassionate release because the court failed to consider his

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

extraordinary and compelling reasons for release and that the district court's balancing of the 18 U.S.C. § 3553(a) factors did not consider changes in the law, his post-sentencing redemptive conduct, the reduction of public safety concerns due to his release plan, his mandatory deportation status, or his low recidivism score. This is incorrect. As the Supreme Court stated in *Concepcion v. United States*, "[t]he First Step Act does not 'require courts to expressly rebut each argument' made by the parties." 142 S. Ct. 2389, 2404 (2022) (quoting *United States v. Maxwell*, 991 F.3d 685, 694 (6th Cir. 2021)). Further, "a district court is not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation." *Id.* Instead, "[a]ll that the First Step Act requires is that a district court make clear that it reasoned through the parties' arguments." *Id.* (cleaned up). The district court's detailed explanation denying the motion in reliance of the § 3553(a) factors did just that. *See id.*; *United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020).

Additionally, to the extent that Gonzalez-Longoria contends that the district court viewed the Guidelines as mandatory, the record belies this contention. Although Gonzalez-Longoria also argues that there was judicial bias due to subsequently corrected inaccuracies in the record, there is no indication in the district court's decision that such alleged inaccuracies were considered. Otherwise, Gonzalez-Longoria's arguments challenging the district court's assessment of the § 3553(a) factors amount to no more than a disagreement with the district court's balancing of these factors, which is insufficient to show an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Because Gonzalez-Longoria makes no nonfrivolous argument that the district court abused its discretion by denying relief based on the balancing of the § 3553(a) factors, we need not consider his arguments regarding the existence of extraordinary and compelling

circumstances.  *See United States v. Jackson*, 27 F.4th 1088, 1093 & n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360–62 (5th Cir. 2021).

In light of the foregoing, Gonzalez-Longoria fails to demonstrate that he could raise a nonfrivolous argument challenging the district court's denial of his compassionate release motion.  Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous.  *See, e.g.*, *Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam); 5TH CIR. R. 42.2.