# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2024

Lyle W. Cayce
Clerk

No. 23-11186
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesse Huerra,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:16-CR-12-6

_____

Before Jones, Smith, and Dennis, *Circuit Judges*.

Per Curiam:[*]

Jesse Huerra, federal prisoner # 54510-177, appeals the district court's denial of his motion for compassionate release brought under 18 U.S.C. § 3582(c)(1)(A). In its order, the district court stated that it had reviewed Huerra's arguments and denied the motion after finding that he had failed to demonstrate that extraordinary and compelling circumstances warranted

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

relief and after considering the applicable factors set forth in 18 U.S.C. § 3553(a). Huerra contends that the district court failed to adequately consider or discuss his extraordinary and compelling reasons for compassionate release or the applicability of the § 3553(a) factors.

We review the denial of Huerra's § 3582(c)(1)(A)(i) motion for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court may modify a sentence, after considering the applicable 18 U.S.C. § 3553(a) factors, if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582 (c)(1)(A)(i). Although the court must provide specific reasons, *Chambliss*, 948 F.3d at 693, the amount of explanation needed depends "upon the circumstances of the particular case." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). "In some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors." *Id.*

In *United States v. Gallegos*, No. 21-50814, 2022 WL 2752601, at *1 (5th Cir. 2022) (unpublished), though "the district court's explanation was brief," a panel of our court rejected a defendant's argument "regarding the sufficiency of the" district court's "reasons for denying" a § 3582(c)(1)(A) motion because (1) the district court explicitly considered the briefing before it; (2) the district court expressly stated that it considered the § 3553(a) factors; and (3) the same district judge who denied the motion for compassionate release originally sentenced the defendant. All three circumstances are present in this case. Accordingly, even though the district court's order denying Huerra's § 3582(c)(1)(A)(i) motion was "brief," "[t]he rationale for the" district court's "decision is adequately discernable" from the record. *See id.* The court was particularly concerned with the need to provide just punishment and afford adequate deterrence,

No. 23-11186

both of which are § 3553(a) factors. *See* 18 U.S.C. § 3553(a)(2)(A)-(B). To the extent Huerra disagrees with the district court's balancing of the § 3553(a) factors, mere disagreement does not warrant reversal. *See Chambliss*, 948 F.3d at 694.[1]

For the foregoing reasons, the district court's decision is AFFIRMED.

---

[1] We need not consider Huerra's contention that the district court erred in finding that he failed to show extraordinary and compelling reasons warranting relief because the district court did not abuse its discretion in its alternative holding that relief was not warranted under the § 3553(a) factors. *See United States v. Ward*, 11 F.4th 354, 360-62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.