# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2024

Lyle W. Cayce
Clerk

———————

No. 24-50069
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHARLES EDWARD JOHNSON,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-97-1

———————————————————

Before HO, WILSON, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Charles Edward Johnson, federal prisoner # 83808-180, moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He is currently serving a 365-month sentence for possession with intent to distribute at least five grams of a controlled substance within 1000 feet of a

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

public elementary school. The district court determined that the 18 U.S.C. § 3553(a) factors did not weigh in favor of granting relief. *See* 18 U.S.C. § 3582(c)(1)(A).

In his brief on appeal, Johnson renews his arguments that his sentence is higher than the sentence that a similarly situated defendant would receive today due to various amendments to the Guidelines and that disparity constitutes extraordinary and compelling circumstances warranting compassionate release under U.S.S.G. § 1B1.13(b)(6), p.s. (2023). He also contends that the district court's reasons for denying relief were the same reasons that the court gave in sentencing him and denying his prior § 3582(c) motions and that the court failed to consider the arguments that he raised in his motion concerning the sentencing disparity and his rehabilitation.

Johnson has not shown that the district court's denial of his motion was an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). His arguments concerning the purported sentencing disparity and his rehabilitation were before the district court, and we can assume that it considered them in denying his motion, even if it did not explicitly address them. *See United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020); *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). Additionally, the fact that the district court provided the same reasons for denying the instant motion as it did when it denied certain of Johnson's prior § 3582(c) motions does not mean that the district court did not weigh the § 3553(a) factors anew insofar as it appears that the § 3553(a) factors that warranted the denial of Johnson's prior motions also warranted the denial of the motion at issue here.

To the extent Johnson's arguments challenge the district court's assessment of the § 3553(a) factors, they amount to no more than a disagreement with the district court's balancing of these factors, which is

insufficient to show an abuse of discretion. *See Chambliss*, 948 F.3d at 693-94. Because Johnson fails to identify a nonfrivolous argument that the district court abused its discretion by denying relief based on the balancing of the § 3553(a) factors, we need not consider his arguments regarding extraordinary and compelling circumstances. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.

Accordingly, his IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.