# United States Court of Appeals for the Fifth Circuit

---

No. 23-11213
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ernest Lee Howard,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CR-84-1

---

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

Ernest Lee Howard, federal prisoner # 30348-077, was convicted of several firearm and drug-related offenses. As a result, in October 1998, he was sentenced to an aggregate term of 425 months of imprisonment. Howard now appeals the district court's denial of his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A). The district court denied

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-11213

Howard's motion on the grounds that (1) Howard failed to show extraordinary and compelling reasons warranting a reduction in his sentence, and (2) the 18 U.S.C. § 3553(a) factors did not weigh in favor of granting relief. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

On appeal, Howard argues that the district court abused its discretion by failing to address his arguments under Amendment 814 to the Sentencing Guidelines that his pre-*Booker*[1] sentencing and subsequent legal developments and unusually long sentence establish extraordinary and compelling reasons warranting a reduction in his sentence under § 3582(c)(1)(A). The Government asserts that Howard waived any challenge to the district court's weighing of the § 3553(a) factors by failing to raise the issue in his opening brief.

Because Howard's opening brief was prepared by counsel, it is not entitled to liberal construction. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). The opening brief makes only passing reference to the § 3553(a) factors and the district court's analysis thereof. As Howard failed in his opening brief to raise a challenge to the district court's denial of his compassionate release motion based on the § 3553(a) factors—or, at the very least, inadequately briefed such an argument—the issue is deemed waived. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010); *United States v. Pompa*, 434 F.3d 800, 806 n.4 (5th Cir. 2005). To the extent that Howard raises a claim of error as to the district court's consideration of the § 3553(a) factors for the first time in his reply brief, we do not consider the issue. *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006).

_____

[1] *United States v. Booker*, 543 U.S. 220 (2005).

No. 23-11213

In view of the foregoing, Howard failed to show that the district court abused its discretion by denying relief based upon the § 3553(a) factors. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). As such, we need not consider his argument that extraordinary and compelling reasons justified relief. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021).

Accordingly, the decision of the district court is, in all respects,

AFFIRMED.