# United States Court of Appeals for the Fifth Circuit

No. 24-10055

United States Court of Appeals
Fifth Circuit

**FILED**

November 27, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jovon James Holcomb,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-177-3

_____

Before Ho, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Jovon James Holcomb, pro se, appeals the district court's denial of his motion for compassionate release. He raises two arguments. First, he argues that the court misapplied the Sentencing Guidelines in determining whether "extraordinary and compelling reasons" justified release. Second, he argues that the court incorrectly weighed the 18 U.S.C. § 3553(a) factors. But the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court did not abuse its discretion in weighing those § 3553(a) factors. And that analysis independently supports the court's judgment. So we affirm.

## I.

Holcomb was part of an elaborate armed-robbery scheme from 1999 to 2000. During that time, he and his co-defendants targeted banks, grocery stores, armored cars, and more. They often used firearms to threaten passersby and force them into submission. All told, Holcomb helped steal more than $50,000.

He was eventually indicted on 11 charges. Holcomb then pleaded guilty to two counts of using and carrying a firearm during and in relation to a crime of violence. The government dismissed the remaining charges. The district court sentenced him to 480 months' imprisonment and 5 years' supervised release.

Holcomb filed the present motion for compassionate release earlier this year. As relevant here, he relied on Amendment 814 to the Sentencing Guidelines—a change that "expanded the list of extraordinary and compelling reasons upon which compassionate release may be based." *United States v. Vazquez*, 2024 WL 4326542, at *1 (5th Cir. Sept. 27, 2024) (per curiam). The Amendment designated "unusually long sentence[s]" as one of those reasons. *See* U.S.S.G. § 1B1.13(b)(6) (2023). And according to Holcomb, he fit the bill.

The district court denied his motion. It first concluded that no extraordinary and compelling reasons justified release. It then explained that the § 3553(a) factors cut against him, even if there *were* reasons that justified release. The order is silent on Amendment 814. Holcomb timely appealed.

No. 24-10055

II.

Holcomb challenges the district court's denial in two ways. First, he argues that the court erred in failing to address Amendment 814. Second, he argues that the court necessarily erred in weighing the § 3553(a) factors because Amendment 814 would have affected its assessment. We review both arguments for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020).

For compassionate release, Holcomb must overcome three hurdles. *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022). "[H]e must prove that 'extraordinary and compelling reasons' justify a sentence reduction." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "[T]he reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotations omitted) (referencing 18 U.S.C. § 3582(c)(1)(A)(ii)). And he "must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a)." *Id. See also* 18 U.S.C. § 3582(c)(1)(A).

Holcomb initially focuses on the first two hurdles. But we needn't consider his first argument to resolve the appeal. "[W]e have regularly affirmed the denial of a compassionate-release motion . . . where the district court's weighing of the [§] 3553(a) factors can independently support its judgment." *United States v. Jackson*, 27 F.4th 1088, 1092–93 n.8 (5th Cir. 2022). *See also Vazquez*, 2024 WL 4326542, at *1; *Ward v. United States*, 11 F.4th 354, 360–62 (5th Cir. 2021). And such is the case here.

The court turned to the § 3553(a) factors near the end of its order. It stated: "If the Court is mistaken and [Holcomb] has spelled out extraordinary and compelling reasons for [his] early release, the Court still would not reduce [his] sentence." This was for several reasons, but the court emphasized a few: Holcomb's conduct was "serious[]" and ultimately

indicated that he was "a danger to the safety of any other person [and] the community." *See* 18 U.S.C. § 3553(a)(2)(A), (C). These grounds independently support the court's denial. *See United States v. Garrett*, 2024 WL 4708982, at *1 (5th Cir. Nov. 7, 2024) (per curiam).

This is where Holcomb's second argument kicks in. He insists that the court's § 3553(a) analysis is problematic, largely because the court failed to take Amendment 814 and his "unusually long sentence" into account.

This argument is not persuasive. As noted, the court leaned heavily into two factors: the "seriousness of [Holcomb's] conduct" and the "danger" he poses "to the community." Indeed, it said that Holcomb "is a violent criminal deserving of his lengthy sentence." This independent review suffices. Holcomb may well disagree with how the court weighed those factors, but that is insufficient to show an abuse of discretion. *See Chambliss*, 948 F.3d at 694.

We affirm.