# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2025

Lyle W. Cayce
Clerk

——————

No. 24-10759
Summary Calendar

——————

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Barrett,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-132-20

———————————————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Michael Barrett, federal prisoner # 25677-177, moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He is currently serving a 420-month sentence following a guilty-plea conviction for conspiracy to possess with intent to distribute methamphetamine. The district court

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

determined that Barrett failed to show that extraordinary and compelling reasons warranted compassionate release and that the 18 U.S.C. § 3553(a) factors did not weigh in favor of granting relief. *See* 18 U.S.C. § 3582(c)(1)(A).

Before this court, Barrett argues in relevant part that the district court erred in relying on a prior denial of compassionate release to conclude that he should not receive relief at this time. He maintains that the court should have conducted a contemporaneous reassessment of the 18 U.S.C. § 3553(a) factors, which would have resulted in relief because his rehabilitative efforts in prison, his poor health, and the low likelihood of recidivism outweigh his disproportionately severe sentence for a nonviolent drug offense.

Barrett has not shown that the district court's denial of his motion was an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Although the district court made some misstatements of fact, the order overall reflected that the court reviewed the nature of the offense and Barrett's criminal history before concluding that a reduced sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or promote adequate deterrence. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(B). Barrett's arguments amount to no more than a disagreement with the district court's balancing of the relevant factors, which is insufficient to show an abuse of discretion. *See Chambliss*, 948 F.3d at 693-94. Moreover, the court's analysis reflects a contemporaneous assessment. *See United States v. Henderson*, 636 F.3d 713, 718 (5th Cir. 2011).

Because Barrett fails to identify a nonfrivolous argument that the district court abused its discretion by denying relief based on the balancing of the § 3553(a) factors, we need not consider his arguments regarding extraordinary and compelling reasons warranting relief. *See United States*

No. 24-10759

*v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.

Accordingly, Barrett's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.