# United States Court of Appeals for the Fifth Circuit

_____

No. 24-50532
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDWIN LEDELL SMITH,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:12-CR-75-1

_____

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Edwin Ledell Smith, federal prisoner # 87806-280 and proceeding *pro se*, challenges the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Smith is serving a 420-months' sentence, imposed following his guilty-plea conviction in 2013 for using a firearm in

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

furtherance of a crime of violence, with attempted Hobbs Act robbery as the predicate crime of violence, in violation of 18 U.S.C. § 924(c).

He contends the district court abused its discretion in denying his motion by failing to weigh the 18 U.S.C. § 3553(a) sentencing factors in conjunction with the "extraordinary and compelling reasons" justifying his compassionate release under § 3582(c); considering the § 3553(a) factors as "frozen at the time" of sentencing; and failing to consider his rehabilitation in the years since he was sentenced. The extraordinary-and-compelling reasons Smith propounds as justification for compassionate release are primarily based on his "unusually long sentence", resulting from a claimed disparity between his current sentence and the sentence he would receive today due to various changes in the law. *See* U.S.S.G. § 1B1.13(b)(6) (unusually long sentence can amount to requisite extraordinary-and-compelling reason to justify compassionate release). Smith also cites his young age at the time of the offense, and rehabilitation in the years since his conviction, as further circumstances supporting compassionate release.

Our court reviews the district court's denial of a compassionate-release motion for abuse of discretion. *E.g.*, *Ward v. United States*, 11 F.4th 354, 359 (5th Cir. 2021). As noted, a prisoner seeking compassionate release must show it is justified by "extraordinary and compelling reasons". *United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022) (citation omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Moreover, the reduction must comport with "applicable policy statements issued by the Sentencing Commission". *Id.* "If the district court makes those two findings, then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in [§] 3553(a) to the extent that they are applicable.'" *Ward*, 11 F.4th at 360 (quoting § 3582(c)(1)(A)). "The district court has discretion to deny compassionate release if the [§] 3553(a) factors counsel against a reduction." *Id.*

No. 24-50532

For denying Smith's motion, the court concluded:  he had not only failed to show extraordinary-and-compelling reasons warranting compassionate release, but the § 3553(a) factors also counseled against release (*i.e.*, nature and circumstances of offense, criminal history and characteristics, seriousness of offense, promoting respect for law, providing just punishment, deterring criminal conduct, and protecting the public). Although the court did not specifically address Smith's contentions regarding his rehabilitation, "we can assume that it considered them", as he thoroughly described the details of his rehabilitation in his § 3582 motion. *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).

At most, his contentions challenging the court's assessment of the § 3553(a) factors amount to a disagreement with the court's balancing of these factors, which is insufficient to show an abuse of discretion. *E.g.*, *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).  And because the court did not abuse its discretion by denying relief based on its balancing of the § 3553(a) factors, we need not consider Smith's contentions regarding extraordinary-and-compelling circumstances. *E.g.*, *United States v. Jackson*, 27 F.4th 1088, 1093 & n.8 (5th Cir. 2022) (weighing § 3553 factors can independently support judgment); *Ward*, 11 F.4th at 360–62.

AFFIRMED.

3