# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2025

Lyle W. Cayce
Clerk

No. 24-50647
Summary Calendar

───────────

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RUBEN MONTOYA,

*Defendant—Appellant*.

───────────────────────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:91-CR-95-3

───────────────────────────────

Before GRAVES, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Ruben Montoya appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Montoya, who is serving a life sentence, argues that extraordinary and compelling reasons justify a sentence reduction: (1) he received an unusually long sentence; (2) he has served more than 32 years in prison; and (3) there has been a change

───────────────

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

in sentencing law that produces a gross disparity between the sentence imposed and the one he would likely receive today. *See* U.S.S.G. § 1B1.13(b)(6). He further contends that the sentencing factors under 18 U.S.C. § 3553(a) favor a reduced sentence, emphasizing the nonviolent nature of his drug offenses, his advanced age and low risk of recidivism, his positive prison record and rehabilitative efforts, and the fact that he will be deported upon release.

The district court conducted its own assessment of the § 3553(a) factors and concluded that a sentence reduction was not warranted. Montoya's arguments amount to a disagreement with the district court's weighing of the sentencing factors—a disagreement that does not amount to an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Because the district court's consideration of the § 3553(a) factors alone provides a sufficient basis to deny relief, we need not reach Montoya's challenge to the court's conclusion that he failed to show extraordinary and compelling reasons. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021).

The district court's judgment is AFFIRMED.