# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2025

Lyle W. Cayce
Clerk

———————

No. 25-30091

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JERMAINE SURTAIN,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-123-4

————————————————————————

Before HO, WILSON, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Jermaine Surtain, federal prisoner # 27627-034, moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Surtain contends that the district court erred in finding that he had failed to demonstrate extraordinary and compelling circumstances. He further contends that the district court erred by failing "to consider his meritorious post-rehabilitation

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

efforts along with his other factors" and by failing to "adequately consider all" the 18 U.S.C. § 3553(a) factors.

Surtain has shown no arguable abuse of discretion in the district court's denial of his compassionate release motion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). We assume that the district court considered Surtain's arguments regarding his rehabilitation. *See United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020). Additionally, the district court found "that the nature and circumstances of the offense" and "the need for the sentence imposed to provide just punishment for the offense, . . . to afford adequate deterrence to criminal conduct, and . . . to protect the public from further crimes of the defendant would not be satisfied by granting a sentence reduction." *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). Surtain does not meaningfully challenge these findings or mention a single § 3553(a) factor that the district court failed to consider. At bottom, Surtain's § 3553(a) argument amounts to a disagreement with how the district court balanced the § 3553(a) factors, which is not a sufficient ground for reversal. *See Chambliss*, 948 F.3d at 694.

Because Surtain fails to identify a nonfrivolous argument that the district court abused its discretion by denying relief based on the balancing of the § 3553(a) factors, we need not consider his arguments regarding extraordinary and compelling circumstances. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.

Accordingly, Surtain's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. R. 42.2.