# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-10430
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RICKY WAYNE TOLBERT, JR.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-278-1

---

Before STEWART, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Ricky Wayne Tolbert, Jr., federal prisoner # 32656-177, moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Tolbert contends that the district court erred in concluding that he failed to establish extraordinary and compelling reasons supporting release, based on his

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

service of an "unusually long sentence" pursuant to U.S.S.G. § 1B1.13(b)(6), p.s. He also asserts that his extraordinary post-sentencing rehabilitation and the 18 U.S.C. § 3553(a) factors support release. Tolbert argues that the district court should not have relied on the "stale" circumstances of the underlying offenses and his criminal history to deny relief.

Tolbert has shown no arguable abuse of discretion in the district court's denial of his compassionate release motion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The court acknowledged Tolbert's rehabilitative efforts and his pursuit of education and training while in prison. But the court concluded that the circumstances of his ten bank robbery offenses, including the brandishing of a firearm during nine of the offenses, and the need for the sentence adequately to "reflect the seriousness of his offenses, promote respect for the law, provide just punishment for the offense, . . . deter criminal conduct, [and] protect the public from further crimes" weighed against granting the motion for release. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C). At bottom, Tolbert's § 3553(a) argument amounts to a disagreement with the district court's balancing of the § 3553(a) factors, which is not a sufficient ground for reversal. *See Chambliss*, 948 F.3d at 694.

Though Tolbert contends that its decision was contrary to the intent of Congress to grant relief to prisoners who have established extraordinary and compelling circumstances, the district court could properly deny relief based on a conclusion that the § 3553(a) factors did not warrant release. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022). Because Tolbert fails to identify a nonfrivolous argument that the district court abused its discretion by denying relief based on the balancing of the § 3553(a) factors, we need not consider any argument relating to extraordinary and compelling circumstances. *See id.*; *Ward v. United States*, 11 F.4th 354, 360–61 (5th Cir. 2021).

No. 25-10430

Accordingly, Tolbert's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The Government's motion to view the sealed record is DENIED as unnecessary.