# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 27, 2025

Lyle W. Cayce
Clerk

No. 25-40220

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MIGUEL LUCIO BOTELLO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:91-CR-141-1

Before STEWART, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Miguel Lucio Botello, federal prisoner # 58207-079, moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He is currently serving a life sentence for intentional killing in furtherance of a continuing criminal enterprise. The district court determined that Botello failed to demonstrate extraordinary and compelling circumstances and that the 18

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

U.S.C. § 3553(a) factors did not weigh in favor of granting relief, given his criminal history, the seriousness of his offense, and the need for deterrence. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(B).

In his IFP pleadings, Botello renews his argument that extraordinary and compelling circumstances compel a reduction in his sentence insofar as he would receive a lower sentence if sentenced today due to changes in the law and he has been rehabilitated in prison. As regards the § 3553(a) factors, Botello argues that the district court erred by focusing "exclusively on the severity of [his] offense and failed to give proper consideration to his extensive rehabilitation and the diminished need for deterrence after 30 years in prison." He reurges the fact that he "has maintained consistent work assignments, participated in education programs, and has shown sincere remorse."

Botello has not shown that he will raise a nonfrivolous argument that the district court's denial of his motion was an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Notably, Botello's arguments challenging the district court's assessment of the § 3553(a) factors amount to no more than a disagreement with the district court's balancing of these factors, which is insufficient to show an abuse of discretion. *See id.* at 694. Because Botello fails to identify a nonfrivolous argument that the district court abused its discretion by denying relief based on the balancing of the § 3553(a) factors, we need not consider his arguments regarding extraordinary and compelling circumstances. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.

Accordingly, Botello's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24

No. 25-40220

(5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.