# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2025

Lyle W. Cayce
Clerk

No. 25-50077
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EJIRO EFEVWERHA,

*Defendant—Appellant*.

———————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CR-347-2

———————————

Before SMITH, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Ejiro Efevwerha, federal prisoner # 54215-509, appeals the denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Efevwerha is currently serving an 87-month term of imprisonment for his conviction of conspiracy to commit mail fraud.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50077

On appeal, Efevwerha argues that that the district court failed to consider, as extraordinary and compelling reasons supporting his early release, his rehabilitation while incarcerated and the need to ease prison overcrowding. He also argues that he has served a significant amount of his sentence. Regarding the 18 U.S.C. § 3553(a) factors, Efevwerha renews his arguments that while in prison, he has completed rehabilitation programs and has maintained a record of good conduct and a job. Additionally, he contends that the district court abused its discretion in determining that he was a danger to the United States public, given his imminent deportation to Canada upon his release. We do not consider Efevwerha's arguments, made for the first time on appeal, that (i) he was not a danger to either the United States or Canadian public in view of his voluntary withdrawal from the conspiracy while in Canada, his legitimate employment in Canada before his pretrial extradition to the United States, and Canadian authorities' disinterest in arresting him during five years of extradition proceedings; and (ii) the district court failed to consider the "new administration's deportation law" regarding non-United States citizens who have been convicted of criminal offenses. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021).

We review the denial of compassionate release for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Here, the district court conducted an independent review of the applicable § 3553(a) factors and determined that Efevwerha was not entitled to relief, citing the nature and circumstances of the offense and the need to "adequately reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, [and] protect the public from further crimes." *See* 18 U.S.C. § 3553(a)(1), (2). Efevwerha's disagreement with the district court's balancing of the § 3553(a) factors is insufficient to show an abuse of discretion. *See Chambliss*, 948 F.3d at 694. Additionally, although Efevwerha contends that the district court

failed to consider his arguments regarding rehabilitation and prison overcrowding, he made these arguments in his compassionate release motion, and thus we presume that the district court considered them. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).

Because the district court's independent consideration of the § 3553(a) factors provides a sufficient basis for affirmance, we need not consider Efevwerha's arguments concerning extraordinary and compelling reasons. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021). The order of the district court is AFFIRMED.