# United States Court of Appeals for the Fifth Circuit

---

No. 25-30216
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BILLY DOUGLAS,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:97-CR-5-1

---

Before SOUTHWICK, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Billy Douglas, federal prisoner # 18753-001, moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He is currently serving a life sentence for interstate domestic violence in violation of 18 U.S.C. § 2261(a)(1). Though Douglas cited in his motion several circumstances that

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

he contended constituted extraordinary and compelling circumstances warranting compassionate release, the district court did not address or deny relief based on those circumstances. Rather, the court described the egregious nature of Douglas's offense and related acts and concluded that the 18 U.S.C. § 3553(a) factors did not weigh in favor of granting relief, given Douglas's criminal history, the nature and seriousness of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A).

In his IFP pleadings, Douglas renews his argument that extraordinary and compelling circumstances compel a reduction in his sentence. As regards the § 3553(a) factors, Douglas challenges the district court's findings regarding the nature of his offense and related acts, contending that those findings were based on evidence that "was highly contested by defense counsel at trial" and that he was "never arrested, charged, or convicted of such allegations, and the jury never made any finding that he was guilty of those acts." Citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), he argues that the "reliance on unadjudicated and disputed allegations to justify continued incarceration runs contrary to fundamental constitutional principles."

Douglas has not shown that he will raise a nonfrivolous argument that the district court's denial of his motion was an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). His reliance on *Apprendi* and *Alleyne* is misplaced, as those cases dealt with the enhancement of a defendant's original sentence beyond the statutory maximum, *see Apprendi*, 530 U.S. at 489-90, and the enhancement of the statutory minimum penalty, *see Alleyne*, 570 U.S. at 115-18. The record—including the presentence report and the transcript from the sentencing hearing—supports the district court's § 3553(a) findings, and Douglas otherwise cites no

authority for the proposition that the district court erred in considering the entire record in arriving at its conclusion that the § 3553(a) sentencing factors did not support a sentence reduction. *Cf. Chavez-Meza v. United States*, 585 U.S. 109, 115-16 (2018)

Otherwise, Douglas's arguments challenging the district court's assessment of the § 3553(a) factors amount to no more than a disagreement with the district court's balancing of those factors, which is insufficient to show an abuse of discretion. *See Chambliss*, 948 F.3d at 694. Because Douglas fails to identify a nonfrivolous argument that the district court abused its discretion by denying relief based on the balancing of the § 3553(a) factors, we need not consider his arguments regarding extraordinary and compelling circumstances. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.

Accordingly, Douglas's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.