# United States Court of Appeals for the Fifth Circuit

---

No. 25-50967
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jason Arriaga Diaz,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-174-1

---

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Jason Arriaga Diaz, federal prisoner # 61351-180, appeals the denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Diaz is serving a total 322-month term of imprisonment

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

for possession with intent to distribute heroin and possession of a firearm in connection with a drug trafficking crime.

Diaz argues that the district court failed to address his documentary evidence or explain how the 18 U.S.C. § 3553(a) factors justified maintaining a sentence well above the lowered guidelines range applicable without a career offender enhancement, which he alleges would not be applicable if he were sentenced today. He contends that the district court failed to (i) address changes in the law regarding career offender status or amendments to U.S.S.G. § 1B1.13, and (ii) use individualized reasoning. Diaz also argues that the district court abused its discretion in denying relief without briefing by the Government. Our review is for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

The district court concluded that no reduction was justified under the § 3553(a) factors. *See* 18 U.S.C. § 3553(a)(1), (2). The statement that no sentence reduction was necessary based on the § 3553(a) factor involving the need to provide medical care does not indicate the district court failed to individually assess Diaz's arguments. Any challenge to the district court's balancing of the § 3553(a) factors is insufficient to show an abuse of discretion. *See Chambliss*, 948 F.3d at 694. Despite Diaz's challenges to the district court's consideration of changes in the applicable law and his documentary evidence, his compassionate release motion included these arguments and documents, and we may presume that the district court considered them. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). While Diaz argues that the Government did not file a response, it was not required to do so. *See* 18 U.S.C. § 3582(c)(1)(A); *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021).

Because the district court did not abuse its discretion by denying relief based on its balancing of the § 3553(a) factors, we need not consider whether

No. 25-50967

Diaz demonstrated extraordinary and compelling reasons warranting relief. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022). The order of the district court is AFFIRMED.